```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WALTER MEYER,

                    Plaintiff,
        -against-                        MEMORANDUM AND ORDER
                                         07-CV-2524 (JS)(ETB)
WILLIAM FLOYD UNION FREE
SCHOOL DISTRICT, JANET GILMOR,
and RICHARD HAWKINS,

                    Defendants.
----------------------------------X
Appearances:
For Plaintiff:      Rick Ostrove, Esq.
                    Leeds, Morelli & Brown, P.C.
                    One Old Country Road, Suite 347
                    Carle Place, NY 11514

For Defendants:     Howard M. Miller, Esq.
                    Bond, Schoeneck & King, PLLC
                    1399 Franklin Avenue
                    Garden City, NY 11530
```

SEYBERT, District Judge:

Plaintiff Walter Meyer commenced this action against the William Floyd Union Free School District ("William Floyd") and Janet Gilmor ("Gilmor") on June 22, 2007. On August 24, 2008, this Court granted William Floyd's and Gilmor's motion to dismiss, but allowed Plaintiff leave to amend his Complaint (the "August 2008 Order"). On October 24, 2008, Plaintiff filed an Amended Complaint, adding Richard Hawkins ("Hawkins") as a Defendant. Plaintiff's Amended Complaint alleges causes of action pursuant to 42 U.S.C. § 1983 ("Section 1983") for a violation of the Fourteenth Amendment, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

Pending before this Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated herein, Defendants' motion to dismiss is GRANTED.

BACKGROUND

The following facts are alleged by Plaintiff and regarded as true for the purpose of this motion. Plaintiff, a 63-year-old male, commenced employment with William Floyd as a custodian in September 1975. (Pl.'s Compl. ¶¶ 9, 10.) In November 2004, Plaintiff sustained a work-related injury to his legs and back, which Plaintiff alleges resulted in disabilities that substantially limited one or more of Plaintiff's major life activities. (Id. ¶ 12.)

On January 11, 2005, Plaintiff went on worker's compensation, as per his doctor's orders. (Id. ¶ 13.) As Plaintiff was the chief custodian, he was able to continue the essential functions of his job, such as supervising employees. (Id. ¶ 14.) In November 2005, Plaintiff discussed the possibility of his retirement with Gilmor, Hawkins, and union vice-president George Lorme. (Id. ¶ 15.)

On January 10, 2006, Plaintiff requested an extended sick leave ("catastrophic sick leave"), which Hawkins denied. (Id. ¶¶ 16, 18.) Plaintiff claims that he requested catastrophic sick leave because long-term disability was not available for employees

who commenced employment before 1984. (Id. ¶ 17.) He further alleges that the lack of long-term disability adversely affected workers over forty years of age because all or almost all of the workers who fell into the pre-1984 workers were over the age of forty. (Id.)

On January 18, 2006, Gilmor informed Plaintiff that she would be recommending his termination to the school board. (Id. ¶ 21.) In January of 2006, Plaintiff applied for social security disability, and on February 1, 2006, Plaintiff filed for retirement benefits with the New York State Employees Retirement System, (Id. ¶¶ 21, 22). Plaintiff alleges that he was entitled to payments from William Floyd for retirement benefits including: a) payment for vacation, sick, personal, and worker's compensation accruals; b) health insurance for him and his wife through age 65; c) longevity payments; and d) a lump sum payment. (Id. ¶ 22.) However, Plaintiff did not receive the retirement benefits because, on February 6, 2006, Gilmor informed the school board that Plaintiff was terminated and thus was not entitled to retirement benefits. (Id. ¶ 23.)

Gilmor refused Plaintiff's requests to speak to the school board about his termination. (Id. ¶ 25.) However, in early 2006, Plaintiff spoke with and wrote to school board members, informing them that he believed he was treated differently with respect to his catastrophic sick leave request because of his age.

3

(Id. ¶ 26.) Additionally, Plaintiff refused to sign a release of claims contract with William Floyd, resulting in Plaintiff not receiving his retirement benefits. (Id. ¶ 27, 28.) Plaintiff alleges that three non-disabled employees with the same job as Plaintiff were not required to sign any release and they all received their retirement benefits. (Id. ¶ 27.) Lastly, five months after Plaintiff's termination, Plaintiff was replaced by a man in his thirties, despite this employee having previous problems and attending anger management training. (Id. ¶ 29.)

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must put forth enough factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, __ L. Ed. 2d. __ (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." Id. (internal citations and quotations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a claim. Id. The plaintiff's factual allegations, in short, must show that the plaintiff's claim is "plausible," not merely "conceivable." Id. at 1951.

When considering a motion to dismiss, a court can first identify pleadings that are not entitled to the assumption of truth because they are mere conclusions unsupported by factual allegations. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868(2009). After locating the well-pleaded factual allegations, the court should assume their truthfulness and "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Additionally, because a motion to dismiss challenges only the sufficiency of the complaint, "the Court must limit its analysis to the four corners of the complaint." Hunt v. Pritchard Indus., Inc., No. 07-CV-0747, 2007 U.S. Dist. LEXIS 47749, at *10 (S.D.N.Y. July 3, 2007) (internal quotation marks and citation omitted). Generally, "[c]onsideration of extraneous material in judging the sufficiency of the complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2)." Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d

Cir. 2007). Nevertheless, the terms and effects of documents on which a plaintiff relies in drafting the complaint can also be considered when deciding a motion to dismiss. See id. at 153.

II. Plaintiff's Claims

    A. Section 1983 Claim Against William Floyd

William Floyd argues that Plaintiff's Section 1983 claim should be dismissed because Plaintiff fails to allege any official policy or custom that caused Plaintiff to suffer the denial of a constitutional right.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

Under Monell v. Dep't of Soc. Servs., a municipality may not be held vicariously liable under Section 1983 for the actions of employees below the policymaking level. 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Accordingly, to state a Section 1983 claim against a municipality based on the actions of employees below the policymaking level, Plaintiff must plead "'three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell, 436 U.S. at 690—91. A municipality may not be held liable for a civil rights violation based upon the theory of respondeat superior. See Monell, 436 U.S. at 690-91; see also Perkins v. N.Y. City Dep't of Corr., 887 F. Supp. 92, 94 (S.D.N.Y. 1995).

While there is no heightened pleading requirement for stating an official policy or custom, a single alleged instance of misconduct is generally insufficient to display a municipal policy. See Dean v. N.Y. City Transit Auth., 297 F. Supp. 2d 549, 555 ("[U]nder the general pleading standard, 'a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'" (quoting DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998)). But cf. Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d 107, 128 (2d Cir. 2004) (finding a single act may be sufficient if representative of official policy); Rookard v. Health & Hosp. Corp., 710 F.2d 41, 45 (2d Cir. 1983).

Plaintiff's allegation is frustratingly repetitious of his original Complaint, which was dismissed, and merely alleges that William Floyd deprived him of constitutional rights in violation of Section 1983, and Defendants "intentionally committed, condoned, or were deliberately indifferent to aforementioned

7

violations of Plaintiff's constitutional rights." (Compare Amend. Compl. ¶ 33 with Compl. ¶ 25.) Plaintiff again fails to allege any facts to give substance to this recitation of the pleading requirements under Section 1983. As with his original Complaint, this bare-bones allegation fails to establish a municipal policy or custom which caused a violation of Plaintiff's constitutional rights.

Plaintiff requests the Court to infer some discriminatory policy because he was denied catastrophic sick leave due to his long-term injury while other employees with only short-term injuries were granted catastrophic sick leave. (Amend. Compl. ¶¶ 18, 19.) Plaintiff, however, admits that catastrophic sick leave was not available to him until he "expended all of his accrued time off." (Id. ¶ 16.) Additionally, long-term disability was not available to employees who began their employment with William Floyd prior to 1984; Plaintiff commenced his employment in 1975. (Id. ¶¶ 10, 17.) Plaintiff alleges this was indicative of a discriminatory policy, "impact[ing] workers over the age of forty (40) because all or almost all of the workers who had commenced their employment before 1984 were over the age of forty." (Id. ¶ 17.) This does not suggest discrimination, but only demonstrates the outcome of the collective bargaining agreement in place prior to 1984. See Cioce v. County of Westchester, No. 02-CV-3604, 2003 WL 21750052, at *5 (S.D.N.Y. July 28, 2003), aff'd, 128 F. App'x

8

181 (2d Cir. 2005) (dismissing a disability discrimination claim where the denial of benefits was warranted by a collective bargaining agreement).

Moreover, Plaintiff failed to plead other examples, outside that of his own experience, that the treatment he received was part of a larger custom or policy of discrimination practiced throughout William Floyd. Plaintiff completely fails to address this deficiency in his opposition papers. As with Plaintiff's original Complaint, Plaintiff's Amended Complaint is again void of any facts alleging that Plaintiff was injured as a result of William Floyd's policy, custom, or practice, or the actions of an employee with final policymaking authority. Plaintiff's "formulaic recitation of the relevant Monell elements," <u>Hoffman v. Nassau County Police Dep't</u>, No. 06-CV-1947, 2008 U.S. Dist. LEXIS 35377, at *20 (E.D.N.Y. Apr. 30, 2008), is insufficient, even under the liberal standard governing a 12(B)(6) motion, to state a Section 1983 claim against William Floyd. Consequently, Plaintiff's Section 1983 claim against William Floyd is DISMISSED, with prejudice, for failure to state a claim.

B. <u>Section 1983 Claim Against Gilmor and Hawkins</u>

To state a claim against an individual under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a

9

right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. New York, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds). See also West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254—55, 101 L. Ed. 2d 40 (1988); Trakansook v. Astoria Fed. Sav. and Loan Ass'n, No. 07-CV-2224, 2008 WL 4962990, at *1 (2d Cir. 2008). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Plaintiff's allegations fail to show that Gilmor and Hawkins[1] denied Plaintiff a federal right. As stated numerous times in both this Order and the Court's August 2008 Order, Plaintiff has failed to show that he was deprived of any federal right. Rather, Plaintiff was legitimately terminated pursuant to New York Civil Service Law § 71, and Plaintiff was not entitled to catastrophic sick leave. Plaintiff's Amended Complaint is utterly void of any facts, which if taken as true, show that the individual Defendants violated Plaintiff's federal rights.

C.  Title VII, ADA, & ADEA Claims Against William Floyd

Plaintiff alleges that he was terminated and denied catastrophic sick leave in part because of his disability and his

---

[1] No claim of relief was made against Hawkins in Plaintiff's Amended Complaint. Plaintiff filed a motion to amend to include a claim of relief. However, the Court dismisses Plaintiff's claim against Hawkins on the merits and does not need to address Plaintiff's motion to amend.

age.

The ADA prohibits an employer from discriminating against a disabled person who can perform the essential functions of his job. See 42 U.S.C. §§ 12101 et seq.

To state a claim under the ADA, Plaintiff must allege that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Giordano v. City of N.Y., 274 F.3d 740, 747 (2d Cir. 2001) (citing Heyman v. Queens Vill. Comm. for Mental Health, 198 F.3d 68, 72 (2d Cir. 1999).

The ADEA prohibits an employer from discriminating on the basis of age. See 29 U.S.C. § 623(a)(1). "In order to state a claim under the ADEA, a plaintiff must show that he or she: (1) is a member of a protected age group, (2) was qualified for his or her job, and (3) was discharged under circumstances that give rise to an inference of discrimination." Dugan v. Martin Marietta Aerospace, 760 F.2d 397, 399 (2d Cir. 1985) (citing Pena v. Brattlebro Retreat, 702 F.2d 322, 324 (2d Cir. 1983)). Plaintiff is 63-years old and satisfies the first element. See id.

Plaintiff's Amended Complaint fails to show that he suffered an adverse employment action because of his age or his disability. It is clear that termination and the denial of

11

benefits can constitute adverse employment actions. See Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008); Giordano, 274 F.3d at 747; Salvatore v. KLM Royal Dutch Airlines, No. 98-CV-2450, 1999 WL 796172, at *14 (S.D.N.Y. Sept. 30, 1999) ("An employment action can be adverse even if it does not rise to the level of job termination or reduced wages and benefits.") (citation omitted); Germano v. Cornell Univ., No. 03-CV-9766, 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005) (noting that denial of benefits can be an adverse employment action). Plaintiff, however, fails to demonstrate that William Floyd terminated and denied him benefits <u>due to his age or disability</u>. See Khan v. Bank of America, N.A., 572 F. Supp. 2d 278, 290 (N.D.N.Y. 2008). To meet this standard, "a plaintiff must demonstrate that his 'disability played a motivating role' in his employer's decision to terminate him" or deny him benefits. Id. (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 337 (2d Cir. 2000)).

Plaintiff only states that he was denied catastrophic sick leave, terminated, and denied retirement benefits. (Amend. Compl. ¶¶ 18, 27.) However, Plaintiff admits that he was required to exhaust all of his accrued time off, which he did not, before he could be granted catastrophic sick leave, and that he was not eligible for long-term disability. (Id. ¶¶ 16, 17.)

As for Plaintiff's termination, the Court references its August 24, 2008 Order wherein the Court concluded Plaintiff was

12

terminated pursuant to New York Civil Service Law § 71, "a legitimate, non-discriminatory reason for Plaintiff's termination . . ., which Plaintiff has not contested." Meyer v. William Floyd Union Free Sch. Dist., No. 07-CV-2524, 2008 WL 4415271, at *4 n.1 (E.D.N.Y. Aug. 24, 2008). Thus, Plaintiff did not retire, making him ineligible for post-retirement benefits. See Cioce, 2003 WL 21750052, at *5. In his opposition to Defendants' first motion to dismiss, Plaintiff did not contest Defendants' argument that William Floyd terminated Plaintiff pursuant to New York Civil Service Law § 71, nor does Plaintiff address this argument now.

Likewise, the Court rejects Plaintiff's Title VII claim. Plaintiff's argument that he was treated differently from other similarly-situated employees is utterly without merit. Specifically, Plaintiff states that three employees, "who all had the same job title, experience, and duties as Plaintiff, but had only suffered short-term illnesses or injuries, were granted catastrophic leave." (Amend. Compl. ¶ 19). Additionally, Plaintiff alleges that three other employees, "all of whom had the same job duties, titles, and experience as Plaintiff but were not disabled, . . . did receive their post-retirement benefits." (Id. ¶ 27). Again, Plaintiff was not entitled to retirement benefits, and admits that he was not qualified to receive catastrophic sick leave because he did not exhaust his leave.

Frankly, Plaintiff's Amended Complaint is completely

13

barren of any allegations, which even if true, raise a plausible claim that Plaintiff suffered adverse employment actions as a result of his disability or his age. Thus, Plaintiff's discrimination claims are DISMISSED with prejudice.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is GRANTED, and Plaintiff's motion to amend is DENIED as futile.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  30 , 2009
         Central Islip, New York